hCIACCIO, Judge.
This is an appeal from a judgment of the trial court dismissing a Rule for Possession of Premises filed by the Housing Authority of New Orleans (“HANO”) based upon defendant Jo Ann Riley’s exception of res judicata.
On April 19, 1995, Jo Ann Riley entered into a dwelling lease with HANO for a public housing apartment at 3360 Desire Parkway in New Orleans. The terms of the lease were for one year and listed the authorized individuals who were permitted to reside in the apartment as Ms. Riley, her two sons, Elton and Anthony Riley, and her daughter, Kizzy Batiste. On June 26, 1995, the New Orleans Police Department executed a search warrant of Ms. Riley’s public housing apartment, and during the course of the search, Anthony Riley was charged with and arrested for illegal drug activity. HANO subsequently issued a notice to vacate the premises to Ms. Riley based on Section M of the lease agreement, which provides in part as follows:
M. Resident and members of his/her household; or a guest or the persons under the Resident’s control shall not engage in criminal activity including, but not limited to, drug-related activity on or near public housing premises, such criminal activity shall be cause for termination of tenancy.
Ms. Riley failed to remove herself from the premises, and HANO filed a Rule for Possession of Premises based on this alleged lease violation. The matter was set for trial in First City Court on April 9, 1996. However, on thejjjdate of trial, Ms. Riley and HANO reached a settlement agreement whereby *257 Ms. Riley was allowed to remain as a HANO tenant on the condition that her lease be amended to remove the name of her son Anthony Riley as an authorized tenant. A judgment to this effect was signed by the trial court on May 14,1996, but the lease was apparently not amended.
On April 10,1996, one day after the settlement between Ms. Riley and HANO was reached, HANO issued a second Notice to Vacate to Jo Ann Riley seeking her eviction from the public housing apartment. This notice was based on an incident which occurred on March 16, 1996 wherein NOPD officers made an arrest of a visitor to Ms. Riley’s apartment. Pursuant to a warrant which was executed on this date, police officers found a prescription bottle containing crack cocaine in the purse of Monique Williams. The Notice to Vacate cited a violation of Section 10M of the lease agreement. HANO subsequently filed a Rule for Possession of Premises seeking to evict Ms. Riley on the basis of this incident.
In response to HANO’s rule for possession, Ms. Riley filed an exception of res judicata on the basis that both the June, 1995 incident as well as the March 16, 1996 incident were settled with HANO on April 9, 1996. Defendant argued that HANO was precluded from seeking eviction based on the second incident when it was aware of its occurrence at the time of the settlement agreement.
The trial court granted defendant’s exception on the basis that HANO neglected to inform the court at the time of the settlement agreement that they intended to pursue another eviction against this tenant. On appeal, HANO contends that the exception of res judicata was improperly granted. We agree.
The doctrine of res judicata is governed by LSA-R.S. 13:4231, which |3was amended by section 5 of Acts 1990, became effective on January 1, 1991. This statute provides as follows:
Except as otherwise provided by law, a final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of this litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Prior to the 1991 amendment, the exception of res judicata was read more narrowly, and a second action would only be barred when the plaintiff sought relief on the same cause or grounds. Pursuant to the terms of the new statute, a second action is barred if it arises “out of the transaction or occurrence that is the subject matter of the [prior] litigation.” This provision serves the purpose of judicial economy and fairness by requiring plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. See, comments to LSA-R.S. 13:4231.
In the present case, HANO instituted its first Notice to Vacate on August 15, 1995 based on an alleged violation of Section 10M of the lease agreement | ¿resulting from the arrest of the tenant’s son for drug activity pursuant to a raid of the apartment on June 26, 1995. The second action was instituted by a Notice to Vacate filed on April 10, 1996 which was also based on an alleged violation of Section 10M of the lease agreement. However, the second alleged lease violation arose from the seizure of illegal drugs from the tenant’s visitor pursuant to a raid of the apartment on March 16, 1996. Although the parties entered into a settlement agreement after the second raid but before the second *258 action was filed, there is nothing in the record to show that the agreement included a dismissal of the proceedings based on both occurrences. Rather, the record shows that the second action was instituted after the settlement agreement was confected, and was not a part of the terms of the agreement. The second action filed by HANO was based on a separate occurrence which allegedly supported a violation of the lease agreement, and although HANO’s counsel may have been aware of the grounds for the second cause of action at the time settlement was reached on the first action, such knowledge does not preclude HANO from bringing a second suit based on a separate occurrence giving rise to a violation of the lease.
Under the circumstances presented here, we conclude that the requirements of LSA-R.S. 13:4231 have not been met, and HANO’s second suit for eviction which is based on a different occurrence is not barred by the judgment rendered on the first suit. The judgment of the trial court, which granted Jo Ann Riley’s exception of res judicata, is legally incorrect. That judgment is hereby reversed, and this case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.